IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

VICTOR LUCKY,

    Plaintiff

VS.

Warden CYNTHIA NELSON, Counselor
ERIC WILLIAMS, Manager SARAH
DRAPER, Investigator TIM BARFIELD,
JOHN DOE MEDICAL DIRECTOR, and
Deputy Warden RONNIE LAWRENCE,

    Defendants

NO. 1:07-CV-52 (WLS)

**RECOMMENDATION**

Plaintiff **VICTOR LUCKY**, I.D. # 879529, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the above defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. PRELIMINARY MATTERS

### A. Amended Complaint

Since filing his complaint, plaintiff has filed a "proposed" amended complaint (Tab # 5). Plaintiff's amendment is essentially identical to his original complaint and contains only marginal expansions on the original. The Court will nevertheless consider the information contained in plaintiff's amended complaint.

### B. Injunctive Relief

Plaintiff seeks several forms of injunctive relief in his pleadings. Under established law of this circuit, a prisoner's claim for declaratory and injunctive relief is mooted by his transfer or

release from the facility about which he complains. *Zatler v. Wainwright*, 802 F.2d 397, 3993 (11th Cir. 1986). Since the filing of this claim, plaintiff has been transferred from each of the prisons about which he complains. Accordingly, plaintiff's request for injunctive relief is moot and the undersigned **RECOMMENDS** that it be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

## IV. BACKGROUND

Plaintiff, who is presently confined at Scott State Prison, brings this complaint alleging claims arising out of his incarceration at Calhoun, Autry, and Johnson State Prisons (respectively, "Calhoun," "Autry," and "Johnson"). Plaintiff sues the following defendants: (1) Eric Williams, Counselor, Calhoun; (2) Cynthia Nelson, Warden, Autry; (3) John Doe Medical Director, Autry; (4) Ronnie Lawrence, Deputy Warden, Johnson; (5) Sarah Draper, Georgia Department of Corrections' ("GDOC") Manager, Inmate Affairs; and (6) Tim Barfield, GDOC Investigator, Inmate Affairs. In his pleadings, plaintiff alleges that the various defendants either failed to remedy inappropriate conditions or retaliated against plaintiff for filing grievances. Plaintiff's allegations against each of the named defendants are separately addressed below.

## V. DISCUSSION

### A. *Defendant Eric Williams*

Plaintiff alleges that Eric Williams refused to stop prison officials at Autry from improperly

3

withdrawing money from plaintiff's prison account and further removed plaintiff's "educational credentials" from his prison file, both in retaliation for plaintiff filing prison grievances.

While the Court has reservations about the ultimate validity of plaintiff's retaliation claim, the Court will allow this claim to go forward against Counselor Eric Williams.

### B. Defendant Sarah Draper

Plaintiff asserts two claims against Sarah Draper. His first claim is that Draper knew that Autry officials improperly deducted funds and "did nothing to correct these errors" following plaintiff's grievance.

Even assuming the facts as alleged are true, the "unauthorized, intentional deprivation of property by a state employee does not constitute a denial of the procedural requirements of the Due Process Clause if a meaningful postdeprivation remedy is available." ***Hudson v. Palmer***, 468 U.S. 517, 533 (1984). Georgia tort law offers a remedy for prison official's unlawful deprivation of an inmate's property. *See* O.C.G.A. § 51-10-1; ***Byrd v. Stewart***, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Therefore, plaintiff has failed to state a viable section 1983 claim that his constitutional rights have been violated.

Plaintiff's second claim against Draper is that she "did nothing to correct" the denial of plaintiff's grievance regarding plaintiff's missing educational credentials. As a result, prison officials at Calhoun refused to assign plaintiff to a "law library or education" detail.

There is no constitutional right for a prisoner to have a job or to be rehabilitated in prison, and prison officials have discretion to act for any reason or no reason at all in making work

4

assignments. *See e.g., Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation). Furthermore, under the due process clause, a prisoner can challenge the conditions of his confinement only if the state "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Sandin v. Conner*, 115 S. Ct. 2293 (1995). Plaintiff's failure to receive a job or job training while in prison does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Wallace v. Robinson*, 940 F.2d 243, 248 (7th Cir. 1991) (inmates have no constitutionally protected interest in a prison job).

In light of the above, the undersigned **RECOMMENDS** that both of plaintiff's claims against Draper be **DISMISSED** and that Draper be terminated as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### C. Defendant Cynthia Nelson

Plaintiff complains about several actions of Cynthia Nelson, including that Nelson and her staff improperly processed plaintiff's grievances so that he could not file appeals and/or failed to adequately respond to plaintiff's grievances.

To the extent plaintiff complains that his institutional grievances were not handled properly by prison officials, the Eleventh Circuit Court of Appeals has held, "We agree with other circuits

5

that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." ***Dunn v. Martin***, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also **Baker v. Rexroad***, 159 Fed. Appx. 61, 62 (11th Cir. 2005). Therefore, a prison official's failure to process a grievance form timely, investigate it, or otherwise respond to a grievance is not actionable under section 1983.

Plaintiff additionally complains that on December 16, 2005, Nelson refused to allow plaintiff to place a call to his attorney. Even if plaintiff was denied the use of a phone, he does not allege a resulting injury. Plaintiff makes no mention of how long he was denied the use of a phone. He similarly makes no allegation that he was unable to contact his attorney by mail.

Based on the foregoing, it is **RECOMMENDED** that the above two claims against Nelson be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

Plaintiff asserts a third claim against Nelson that this Court cannot determine to be frivolous at this juncture. Specifically, he alleges that on March 13, 2006, Nelson transferred plaintiff to Hays State Prison. According to plaintiff, his transfer constituted deliberate indifference to his serious medical needs because he did not get "needed surgery to his hand" prior to his transfer. Plaintiff seems to believe that Nelson transferred plaintiff because he refused to drop his grievances. Although the underlying deliberate indifference claim appears somewhat suspect, because plaintiff

6

also appears to allege that Nelson retaliated against him, the Court will allow this claim against Nelson to go forward.

### D. *Defendant Tim Barfield*

Plaintiff's only apparent allegation against Barfield is that he refused to consider the appeal of plaintiff's grievance on appeal. As noted above, inmates have no constitutional right to a grievance procedure. Accordingly, it is **RECOMMENDED** that Barfield be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### E. *John Doe Medical Director*

It is unclear why plaintiff names the Autry Medical Director as a defendant. In his relief section, plaintiff asks this Court to order this defendant to "instruct medical department at petitioner's current facility to perform surgery to repair missing knuckle on petitioner's left hand and to repair his chipped tooth." This claim is essentially a request for injunctive relief. For the reasons stated in Section II.B., above, the undersigned **RECOMMENDS** that this claim be **DISMISSED** and that John Doe Medical Direction be **DISMISSED** as a defendant.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

*F. Ronnie Lawrence*

Plaintiff sues Ronnie Lawrence because Lawrence allegedly (1) confiscated all of plaintiff's legal work upon plaintiff's arrival at Johnson, (2) harassed plaintiff once plaintiff started filing grievances at that facility, and (3) refused to permit plaintiff's family to mail plaintiff photocopies of any documents, including legal and religious materials, apparently pursuant to prison policy.

The Court notes that venue in this district for plaintiff's claims against Lawrence is improper. The venue provision of 28 U.S.C. § 1391(b) provides in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ....

Lawrence is employed, and the acts giving rise to plaintiff's complaint against Lawrence were alleged to have occurred, at Johnson. Johnson is located in Johnson County, Georgia, within the Southern District of Georgia. 28 U.S.C. § 90(c)(2). Accordingly, the proper venue for plaintiff's claims against Lawrence is the Southern District of Georgia, not this district.

In light of the above, the undersigned **RECOMMENDS** that plaintiff's claims against Lawrence be **DISMISSED** from this action. Plaintiff may submit a separate civil rights complaint for his claims against Lawrence in the United States District Court for the Southern District of Georgia.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this order.

## VI. CONCLUSION

In a separate order, the undersigned has directed that plaintiff's retaliation claim against defendant Eric Williams and deliberate indifference/retaliation claim against defendant Cynthia Nelson be served on said defendants. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 19th day of September, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE