# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| VICTOR LUCKY, | :  |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| VS. | : NO. 1:07-CV-52 (WLS) |
| CYNTHIA NELSON, et al., | : |
| Defendants. | : |

## RECOMMENDATION

This is a § 1983 claim brought by a State of Georgia prisoner who is proceeding *in forma pauperis* and *pro se*. Presently pending is a motion for summary judgment filed by the served defendants, Cynthia Nelson, former Warden at Autry State Prison and Eric Williams, Chief Counselor at Calhoun State Prison[1] on January 17, 2007 (Doc. # 18). On January 18, 2007 to undersigned gave the plaintiff the required notice of the filing of the defendants' motion and invited a response in opposition to the motion. (Doc # 20). The notice gave plaintiff thirty days in which to file a response to the motion. Plaintiff's copy of that notice has not been returned by the Postal authorities as undeliverable, thus giving rise to the presumption that plaintiff received the notice. For reasons known only to the plaintiff he has elected not to respond in opposition to the motion for summary judgment.

Plaintiff's claims against defendant Williams seem to be that he wrongfully threatened to have plaintiff's educational credentials (copy of his GED completion and a copy of a certificate

---

[1] Plaintiff's complaint named at least four other potential defendants and additional claims. However, the undersigned recommended on September 19, 2007, that those four defendants be dismissed along with the claims made against them. Therefore those defendants have not been served with the complaint. The United States District Judge to whom this matter has been assigned has not yet addressed the recommendation of dismissal as to the other named defendants.

showing completion of a paralegal course) removed from his inmate file. According to plaintiff, removing these documents would render him ineligible for certain jobs or details for which these credentials were required. Plaintiff further states that defendant Williams conduct amounted to retaliation for plaintiff's refusal to drop certain grievances which he had filed (Doc. # 5, proposed amended complaint, p. 6).

Plaintiff's claims against defendant Nelson seem to be that she, as warden of Autry State Prison, was deliberately indifferent to his serious need for surgery when she allowed his transfer to Hayes State Prison in retaliation for plaintiff's refusal to drop grievances (Doc #. 5, proposed complaint, p. 8).

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

2

*Discussion*

In addition to their brief in support of their motion (Doc. # 18-2) and their statement of material facts not in dispute (Doc. # 18-3), defendants have submitted the following evidence: (1) pertinent portions of plaintiff's medical records (Doc. # 18-4), (2) Affidavit of Elaine Hutto (Doc. # 18-5), (3) Affidavit of Brian Keith Jones (Doc. # 18-6), (4) Georgia Department of Corrections Standard Operating Procedure pertaining to Security Threat Group Management Program (Doc. # 18-7 and 8), (5) Georgia Department of Corrections Standard Operating Procedure pertaining to Administrative Segregation (Doc. # 18-9), (6) Affidavit of Donna Payne (Doc. 18-10), (7) copy of plaintiff's GED completion (Doc. # 18-11), (8) Copies of plaintiff paralegal training course certificates (Doc # 18-12), (9) Affidavit of Cynthia M. Nelson (Doc. # 18-13), and (10) Georgia Department of Corrections Standard Operating Procedure pertaining to Medical Autonomy (Doc. 18-14). Plaintiff having failed to respond to defendants' motion has not contested defendants' statement of material facts not in issue and has presented no evidence in support of his claims.

Federal Rule of Civil Procedure 56(e)(2) is entitled "Opposing Party's Obligation to Respond" and states as follows:

> When a motion for summary judgment is properly made and supported, an opposing party <u>may not rely merely on allegations or denials in his own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.</u> (Emphasis added).

A review of the defendants' uncontroverted evidence regarding plaintiff's claims against defendant Williams reveals the following. Donna Payne is employed as an Administrative

Assistant to the Warden at Scott State Prison, where plaintiff is presently detained. Aaccording to her affidavit, a review of plaintiff's files reveals that his General Educational Development "GED" and paralegal certification are contained in his institutional files. (Doc. # 18-10). Further copies of these documents are submitted by defendants at documents 18-11 and 18-12.

While it is true that taking retaliatory action against an inmate for exercising his rights of free speech, <u>Wildberger v. Bracknell</u>, 869 F.2d 1467, 1468 (11th Cir. 1989; <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir. 2003), on a motion for summary judgment the time for the non-movant to present evidence creating a material factual issue is, at the latest, in response to the motion. Here the record contains only allegations, no evidence of retaliation. <u>Harris v. Ostrout</u>, 65 F.3d 912, 916 (11th Cir. 1995).

In moving to a consideration of plaintiff's claim against defendant Nelson, the plaintiff's medical records and the affidavit of Elaine Hutto, Health Service Administrator at Autry State Prison make clear the fact that between the dates of September 28, 2005 and February 19, 2006, "plaintiff was seen on no less that 20 occasions by medical staff at ASP or during outside consults. (Docs. # 18 -4 and 18 - 5, ¶ 9). . "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prisons medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991))(citations omitted).

Even more telling however are the affidavits of defendant Nelson, and Brian Keith Jones, Deputy Warden of Care and Treatment, ("DWT") at Autry State Prison along with the Standard Operating Procedures pertaining to the Security Threat Management Program, the Standard

4

Operating Procedure pertaining to Administrative Segregation, and the Standard Operating Procedure pertaining to Medical Autonomy. (Doc. 18-13, 18-6, 18-7 and 8, and 18-14).

The affidavits of Nelson and Jones make clear the fact that the decision to transfer plaintiff from Autry to Hayes state prison was due to the concerns of the DWT as to security and safety of the inmate and the institution. Plaintiff had been validated as a member of a street gang known as "Street Folk". He alleges that he was assaulted by a group of other unknown inmates who advised him not to disrespect the "Bloods" another street gang. It appears that plaintiff spent the vast majority of his stay at Autry State Prison in segregation, either due to his own inappropriate conduct or for his safety. The last paragraph of the Jones affidavit makes clear that the plaintiff asked for a transfer from Autry State Prison.

Paragraphs 8, and 9 of the Nelson affidavit make clear that this defendant did not authorize or initiate plaintiff's transfer, but that he "transferred based on an assessed risk to the inmate, pursuant to an assessment completed by the office of the Deputy Warden of Card and Treatment, Brian Keith Jones." Insofar as medical treatment is concerned defendant Nelson has no control over medical treatment for inmates. The GDC Standard Operating Procedure pertaining to Medical Autonomy requires non-medical personnel to defer to the opinions of the physician in matters of medical judgment. Defendant Nelson is subject to this SOP.

Inasmuch as the opposing party (plaintiff) has not responded to the moving parties' (defendants) evidentiary showing by creating a genuine issue for trial. Federal Rule of Civil Procedure 56(e)(2) requires the entry of summary judgment if appropriate. Based upon the above and foregoing evidence it is the finding of the undersigned that summary judgment for the defendants is appropriate and that is hereby RECOMMENDED. Pursuant to 28 U.S.C. §

636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

Based upon this recommendation, plaintiff's motion for appointment of counsel and defendants' motion for a more definite statement are found to be Moot and therefore are DENIED as such.

**SO RECOMMENDED,** this 16th day of July 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE